ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION CONCERNING THE PROVISIONS OF HOUSE BILL 1157, NOW CODIFIED AT 36 O.S. 6060 (1989). THAT STATUTE REQUIRES:
 "A. ALL INDIVIDUAL AND GROUP HEALTH INSURANCE POLICIES PROVIDING COVERAGE ON AN EXPENSE INCURRED BASIS, AND ALL INDIVIDUAL AND GROUP SERVICE OR INDEMNITY TYPE CONTRACTS ISSUED BY A NONPROFIT CORPORATION AND ALL SELF-INSURERS WHICH PROVIDE COVERAGE FOR A FEMALE THIRTY-FIVE (35) YEARS OLD OR OLDER IN THIS STATE, EXCEPT FOR POLICIES THAT PROVIDE COVERAGE FOR SPECIFIED DISEASE OR OTHER LIMITED BENEFIT COVERAGE, SHALL INCLUDE THE COVERAGE SPECIFIED BY THIS SECTION FOR A ROUTINE LOW-DOSE MAMMOGRAPHY SCREENING IN REIMBURSEMENT AMOUNT NOT TO EXCEED SEVENTY-FIVE DOLLARS ($75.00) FOR THE PRESENCE OF OCCULT BREAST CANCER, WITHIN THE PROVISIONS OF THE BODY.
 B. 1. ANY FEMALE THIRTY-FIVE (35) THROUGH THIRTY-NINE (39) YEARS OF AGE SHALL BE ENTITLED PURSUANT TO THE PROVISIONS OF THIS SECTION TO COVERAGE FOR A LOW-DOSE MAMMOGRAPHY SCREENING.
 2. ANY FEMALE FORTY (40) YEARS OF AGE OR OLDER SHALL BE ENTITLED PURSUANT TO THE PROVISIONS OF THIS SECTION TO COVERAGE FOR AN ANNUAL LOW-DOSE MAMMOGRAPHY.
THIS LAW BECAME EFFECTIVE ON NOVEMBER 1, 1989. YOUR QUESTION IS:
 PURSUANT TO HOUSE BILL 1157 CAN HEALTH INSURANCE REFUSE TO PAY FOR A SCREENING MAMMOGRAM UNLESS THE DEDUCTIBLE HAS BEEN MET?
BECAUSE YOUR QUESTION MAY BE ANSWERED, FOR THE MOST PART, BY REFERENCE TO A PREVIOUS ATTORNEY GENERAL OPINION, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL OPINION AT THIS TIME. THE CONCLUSIONS EXPRESSED BELOW ARE, OF COURSE, SOLELY THOSE OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
AS NOTED IN ATTORNEY GENERAL OPINION NO. 86-032, WHICH I HAVE ATTACHED FOR YOUR INFORMATION, ANY DISCUSSION OF LAWS AFFECTING THE REGULATION OF INSURANCE INVOLVES AN INTERPLAY BETWEEN FEDERAL LAW AND STATE LEGISLATION. THE FEDERAL LAW INVOLVED IS THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA), 29 U.S.C.A. 1001 ET SEQ. WHEN A STATE INSURANCE REGULATION AFFECTS THE TERMS OR BENEFITS OF AN EMPLOYEE BENEFIT PLAN FORMULATED PURSUANT TO ERISA, ERISA MAY PREEMPT THE STATE REGULATION.
A REVIEW OF CASE LAW INDICATES THAT THERE ARE SOME TYPES OF STATE INSURANCE REGULATIONS WHICH DO NOT RESULT IN PREEMPTION BY ERISA.
IN THE CASE OF METROPOLITAN LIFE INSURANCE CO. V. MASSACHUSETTS, 471 U.S. 724 (1985), THE UNITED STATES SUPREME COURT DETERMINED THAT ERISA DOES NOT PREEMPT A STATE "MANDATED BENEFIT" STATUTE WHICH REQUIRES THAT CERTAIN BENEFITS BE PROVIDED IN ALL GROUP INSURANCE POLICIES SOLD IN THE STATE. SUCH A STATUTE IS SAVED FROM PREEMPTION AS A LAW REGULATING INSURANCE UNDER ERISA SECTION 514(B)(2).
36 O.S. 6060 (1989), APPEARS TO BE A "MANDATED BENEFIT" STATUTE WHICH WOULD, IN MOST INSTANCES, BE SAVED FROM PREEMPTION BY ERISA; HOWEVER, SELF-FUNDED PLANS, EVEN THOUGH INCLUDED IN THE STATUTE, WOULD BE SUBJECT TO PREEMPTION BY ERISA PURSUANT TO THE HOLDING IN METROPOLITAN LIFE. SELF-FUNDED INSURANCE PLANS ARE DEFINED AS THOSE PLANS WHICH DO NOT PURCHASE INSURANCE BUT ARE SELF INSURED. THIS IS THE RESULT OF THE APPLICATION OF 514 OF ERISA WHICH PROVIDES THAT STATE LAWS REGULATING STATE INSURANCE COMPANIES ARE SUPERCEDED AND PREEMPTED BY ERISA WITH RESPECT TO SELF INSURED OR SELF-FUNDED WELFARE BENEFIT PLANS.
IN ANSWER TO YOUR QUESTION THEN, HEALTH INSURANCE PLANS, WHICH ARE NOT SELF FUNDED OR SELF INSURED, MAY NOT REFUSE TO PAY FOR A SCREENING MAMMOGRAM UNLESS THE DEDUCTIBLE HAS BEEN MET. SELF FUNDED OR SELF INSURED PLANS MAY BE EXEMPTED FROM COMPLIANCE WITH 36 O.S. 6060 (1989) BY VIRTUE OF THE APPLICABILITY OF ERISA TO SUCH PLANS.
(ALICE S. MITCHELL)